NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

FLORENTINA ELMA VILLALOBOS, *Petitioner/Appellee*,

*v.*

JORGE ANCHONDO RIVERA, *Respondent/Appellant*.

No. 1 CA-CV 16-0607 FC
FILED 9-14-2017

Appeal from the Superior Court in Maricopa County
No. FN2013-002074
The Honorable Michael J. Herrod, Judge

**VACATED AND REMANDED**

COUNSEL

Ber & Associates, P.L.L.C., Phoenix
By Hershel Ber
*Counsel for Petitioner/Appellee*

Martinet Law, Phoenix
By Philippe Martinet
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

---

**W I N T H R O P**, Presiding Judge:

¶1        Jorge Anchondo Rivera ("Husband") appeals the family court's denial of his petition to modify the monthly spousal maintenance payments he is required to pay to Florentina Elma Villalobos ("Wife"). Husband argues the family court abused its discretion in basing its decision solely on his income and in failing to consider other relevant factors, such as Husband's recently acquired debt and changes in Wife's financial circumstances.  For the following reasons, we vacate the family court's order and remand for reconsideration of Husband's petition in light of the income the court imputed to Husband at the time of the parties' divorce.

## FACTS AND PROCEDURAL HISTORY

¶2        Wife filed for divorce from Husband in March 2013 after seventeen years of marriage.  In her petition for dissolution, Wife stated Husband was a self-employed car salesman, but she did not allege or otherwise present information concerning his income.  In an affidavit of financial information, Wife estimated that her monthly expenses totaled $2,267.  Wife requested $1,500 per month in spousal maintenance.

¶3        Husband did not respond to the petition for dissolution, and in May 2013, the family court entered a default judgment in Wife's favor. The judgment required Husband to pay Wife $1,500 per month in spousal maintenance for sixty months, but the court did not enter any findings pertaining to Husband's income or ability to pay.  The judgment also awarded Wife everything she requested in her petition, including the marital home, all of the household furniture and appliances, and a 2008 Chevrolet Avalanche.  Husband received a laptop computer, half of the money in the parties' joint savings account, an ATV motorcycle, and tools.

¶4        Husband moved to have the default judgment vacated, alleging he failed to respond to the petition for dissolution because Wife misled him into believing she would dismiss it.  The family court summarily denied Husband's motion.  Husband appealed, and this court

issued a memorandum decision reversing the family court's denial of Husband's motion and remanding for further proceedings. *See Villalobos v. Rivera*, 2014 WL 5167652, No. 1 CA-CV 13-0595 (App. Oct. 14, 2014). On remand, the family court found that Husband failed to establish that Wife misled him into believing she would dismiss the petition and denied Husband's motion to vacate the default judgment.

¶5        Between 2013 and 2016, Husband failed to comply with the spousal maintenance order, and the family court found him in contempt on multiple occasions. In March 2016, the family court found Husband in contempt and ordered judgment against him in the amount of $27,000 plus interest. At an enforcement review hearing two months later, the court found that Husband "willfully failed to make support payments," and ordered Husband incarcerated unless he paid Wife $1,700 in cash by the following day and unless he paid his support obligation on time and in full over the next twelve months.

¶6        Also in March 2016, Husband filed a petition to modify spousal maintenance. In an affidavit of financial information, Husband alleged that he works on commission and has monthly earnings of $1,000. The family court held an evidentiary hearing and heard testimony from both parties. Husband presented tax returns showing that his earnings totaled $8,704 in 2013, $11,500 in 2014, and $8,696 in 2015. The family court found that Husband failed to present evidence sufficient to justify a modification of the original spousal support award. Specifically, the court noted that Husband did not offer any tax returns from before the parties' 2013 divorce for comparison, and, because Husband testified that he works for cash only, the court could not determine the validity of his testimony concerning his income. Accordingly, the court concluded that Husband had not shown a substantial change of circumstances and denied Husband's petition to modify spousal maintenance.

¶7        Husband timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016) and 12-2101(A)(1) (2016).

## ANALYSIS

¶8        The family court may order spousal maintenance "in an amount and for a period of time as the court deems just" after considering relevant factors, such as the earning ability and comparative financial resources of the parties. A.R.S. § 25-319(B) (2017). A spousal maintenance order "may be modified or terminated only on a showing of changed

circumstances that are substantial and continuing." A.R.S. § 25-327(A) (2017).

¶9        Husband argues the family court abused its discretion in denying his petition to modify spousal maintenance because the court focused solely on his income and not on other relevant factors, such as his recently acquired debt and changes in Wife's financial circumstances. The record available to us contains no information demonstrating how the family court calculated its initial determination of spousal support.[1] Although Husband's failure to respond to Wife's petition for dissolution led to a default judgment in Wife's favor, the court was nevertheless required to consider both parties' comparative financial resources and earning ability to determine what amount of spousal support, if any, was appropriate under the circumstances. *See* A.R.S. § 25-319(B). The record does not reveal the evidence before the court on those issues, whether the court made any findings pertaining to the parties' respective incomes or how the court initially determined that Wife was entitled to $1,500 per month in spousal support.[2] The family court's order denying Husband's petition to modify suggested that Husband should have provided evidence of his pre-divorce income to establish a change in circumstances sufficient to justify modification of the original spousal support award. Although evidence of Husband's pre-dissolution income might have been relevant, on a petition to modify based on substantial and continuing changed circumstances under A.R.S. § 25-327(A), the issue is whether the parties' financial circumstances now are different from the circumstances the court found at the time of the divorce. Because we have no information on the

---

[1]        In his amended petition to modify spousal support, Husband stated that, at the time of the parties' divorce proceedings, Wife alleged "in at least one of her pleadings" that Husband earned more than $4,000 per month. The record available to us does not contain those pleadings. However, after the divorce was final and while the parties were litigating Husband's motion to vacate the default judgment, Wife claimed Husband made "at minimum $4,500" per month. The record does not reveal, however, whether Wife made the same claims during the divorce proceedings or whether she testified about Husband's income before the default judgment.

[2]        Presumably, the court determined that Husband's income at the time of the parties' divorce was at least $18,000 per year, given that Husband was ordered to pay Wife $1,500 per month in spousal maintenance.

amount of income the court initially imputed to Husband at the time of the parties' divorce, we cannot, on this record, determine whether the court abused its discretion in denying Husband's petition for modification.

¶10　　　　Accordingly, we vacate the family court's order denying Husband's petition to modify spousal maintenance and remand for the court to make specific findings regarding Husband's 2013 income.[3]　On remand, the court should reconsider Husband's petition for modification in light of these findings.[4]

## CONCLUSION

¶11　　　　The family court's order is vacated and the issue is remanded to the court for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[3]　　　We defer to the family court to determine how to obtain Husband's 2013 income information, whether by reviewing the court's notes or file on the case or by holding an evidentiary hearing.

[4]　　　In so doing, we express no opinion as to the merits of Husband's petition for modification.